## KENT *v.* SIBLEY *et al.*

*(Common Pleas of New York City and County, General Term.* December 2, 1889.)

APPEAL—REARGUMENT—LEAVE TO GO TO COURT OF APPEALS.

A motion for reargument, and for leave to go to the court of appeals, on grounds not involved in any issue determined by the judgment, will be denied.

On motion for reargument, and for leave to go to court of appeals. For former report see 5 N. Y. Supp. 447.

Action by Jennie E. Kent against Richard C. Sibley and others to recover on an undertaking to stay proceedings on appeal. On trial plaintiff demurred to defendants' second defense, and the demurrer was sustained. The general term of the city court affirmed the judgment, and on appeal to this court, the judgment was again affirmed.

Argued before LARREMORE, C. J., and DALY, J.

*Le Barbier & Brewster,* for appellants.   *Pelton & Poucher,* for respondent.

PER CURIAM. The case of *Embrey* v. *Jemison,* 9 Sup. Ct. Rep, 776, has no bearing upon the question presented by the appeal. That case merely decides that a gambling contract is not enforceable by process of law. This case is one in which an action is brought upon an undertaking to stay proceedings upon appeal. There was no illegality in the undertaking, or in the consideration for the undertaking. Even if the defendant had been induced by fraud to enter into the lease, he does not pretend that he was induced by fraud to execute the undertaking; and it would not be a defense to an action on the undertaking to prove that fraud had been employed to get him to sign the lease. Fraud in the lease would be a defense to the lease, but not to an action on the undertaking. Had the motion been made on the ground that there was no evidence in the case that $500 had become due as rent at the time the appeal was finally disposed of, a different conclusion might have been reached. But the defendant has not complained that the evidence was insufficient to sustain the verdict. His contention is that the case of *Embrey* v. *Jemison,* authorizes a plea of fraud in procuring the execution of a lease when the action is for the non-performance of the condition of a bond given upon an appeal. The motion for a reargument, as well as the motion for leave to go to the court of appeals, is denied.